Totten, J-,
delivered the opinion of the court.
The action is ejectment in the circuit court of Sevier. At the July term, 1851, the cause was tried, and the verdict and judgment were for the plaintiff for a tract containing one hundred and twenty-two acres, part of the land in the declaration mentioned, and defendants have appealed in error to this court.
The title of the lessors of the plaintiff depends upon the validity of an execution sale under which they claim, but which is impeached and contested by defendants, as being irregular and void:
*10 First. — Because, as it is insisted, of a material variance of the execution from the judgment: and
Second. — Because of an insufficient levy.
The execution was issued from the supreme court at Knoxville, on the 2d February, 1842, in the case of Catharine McKenzie vs. John Colter, for $319 06, being as recited, for judgment and costs. Whereas, the judgment in the supreme eourt being for damages and costs, was for a greater sum, that is, for $328 18-¿, maldng a variance of $9 12|-.
When an imperfect execution shall be deemed and held to be irregular and void, or only erroneous and voidable, is often a question difficult to determine. If there be a want of jurisdiction in the court from which it issues, it is of course to be considered as void, however formal. And so, if the execution be so defective, as not to identify the court from which it issues, or the suit in which it issues; in these and the like cases, of subtantive and material defects, the execution will be considered as merely void. Parsons vs. Loyd, 3 Wilson, 345. Maxwell vs. King, 3 Yerg. R., 460. Jennings vs. Pray, 8 Yerg. R., 87. Stevenson vs. McLean, 5 Humph. R., 332.
The rule is, that the execution shall conform to the judgment, have the proper test, and be issued within the time limited by law. But we are not to understand that every departure from the rule, however small, shall have the effect to avoid the writ, or to avoid a sale that may have been made under it.
Thus, if an execution issue after a year and a day from the rendition of the judgment without a scire facias, it is erroneous and voidable only, and a sale made under it, is not void, but valid. Woodcock vs. Bennett, Cowen R. 737. Jackson vs. Robins, 16 J. R., 537. Waite vs. Dolby, 8 Humph. 409. So in Lee vs. Crossna, 6 Humph. R., 281, the judgment was against three, but the execution was issued against two only of the defendants; it was held to be only voidable, and *11 that a sale under it vested a good title in the purchaser. So in Jackson vs. Page, 4 Wend. R. 586, a slight variance, that is, of fifty cents, between the execution and the judgment, was held not to affect the title of. the purchaser, under the execution. To the same effect are the cases of Jackson vs. Pratt, 16 Johns. R. 386. Jackson vs. Davis, 18 J. R. 10. Jackson vs. Streeter, 5 Cowen, 529.
In Jackson vs. Page, the court say: “It sufficiently appears, that the execution given in evidence, was in fact issued upon the judgment in question, and that the sale was made under that judgment and execution. Thb object in proving the judgment and execution, was to show a competent authority for the sheriff to sell; and the rights of a purchaser at such sale ought not to be affected by a slight variance between the execution and the judgment, which it would be a matter of course to amend, upon application to the court. The variance in no respects affects the force or validity of the execution, or the sale under it, if it be admitted that it issued upon the judgment and conforms to it, in all essential particulars.”
Now, in the present case, it is apparent that the court, the parties and judgment, are so stated and recited in the execution as to place their identity beyond any reasonable doubt or uncertainty. The execution is technically correct in every respect, except as to the variance in question and before stated.
We can but regard it, in view of the cases referred to, as a variance which did not render the execution void, but voidable only. A more rigid rule would often defeat the title of purchasers fairly acquired at execution sales, and it would deter them from bidding a reasonable value for the property, greatly to the prejudice of both the creditor and the debtor.
Assuming that the execution is voidable only, it follows as a settled rule of law, that a sale made under it, by the sheriff, *12 to a Iona fide purchaser, communicates to him a good and valid tide.
But it has been held that, in such case, the plaintiff in the erroneous and voidable execution cannot be considered a bona fide purchaser; because, having actual or constructive notice of the error in the execution,. it was a wrongful act in him to enforce it upon the property of the defendant. And as he cannot be permitted to take advantage of his own wrong, his title to property so acquired, wall be avoided at the instance of the defendant. Waite vs. Dolby, 8 Humph. R., 408. Woodcock vs. Bennett, 1 Cowen, 737. Jackson vs. Robins, 16 Johns. R. 537. 2 Tidd’s Pr. 1032. 4 Bing. 147.
In the present case, however, the sale was not to the plaintiff, but to Moses Cunningham, a stranger to the execution. The execution, therefore, not being void, but voidable only, it conferred upon the sheriff a competent power and authority to levy on the land in question and to make a valid sale and conveyance thereof.
2. In the next place it is insisted that the sale is void for want of a sufficient levy. The levy is in these words: “No goods and chattels of the defendant’s found in my county. Levied upon two tracts of land of the defendant’s, John Colter, lying in Sevier county, in the 6th district, one of said tracts containing one hundred and twenty-two acres, and the other one hundred and forty acres,” &c.
We thinlu this levy is certain to a reasonable intent. It states the county, the civil district, the name of the owner, and the number of acres in each of the two tracts. There can be no uncertainty in the matter, unless it should happen that the same person has other tracts in the same civil district containing the same quantity of acres, which is a very improbable case. In view of our reported cases, on this subject, it is impossible to hold that this is not a good and sufficient levy. Parker vs. Swan, 1 Humph. R., 84. Vance vs. McNairy, *13 3 Yerg. R., 177. Helms vs. Alexander, 10 Humph. R., 45. We may observe likewise, having reference to some of the cases, that the sheriff’s deed gives a perfect description of the land in question, reciting therein the levy, sale, &c.
3. In the last place it is objected, that the assignment made by the sheriff’s vendee of his interest, acquired by the purchase, should be by deed, duly registered.
We do not think so. His interest acquired by the sheriff’s sale and before deed executed, is merely equitable, and this he may assign by informal writing, so as to entitle the assig-nee to demand a conveyance of the legal title from the sheriff. Indeed, as to third persons, it should *be presumed from the mere recital of the assignment in the sheriff’s deed, that the sheriff was authorised by the purchaser to malee the deed to another, under and by virtue of the sale. In the present case it is not competent for the defendant to make objection to the form of the assignment. The deed invests the plaintiff’s lessors, wi,th the legal title, and it cannot be material to the issue to enquire whether the purchaser, who is supposed to have assigned his right, has any equitable interest in the land or not. We consider the assignment recited in the sheriff’s deed as quite sufficient, and it was not necessary that it should have been registered.
Let the judgment be affirmed.